UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURO ANTONIO DURAN CAMACHO (A# 219-749-517)

Petitioner,

v.

CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-07211 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen and national of Mexico, states he came to the United States twenty years ago with his family when he was three years old, graduated high school with honors, and has no criminal record. ECF No. 10 at 1. His immigration records reflect pending applications for Initial or Renewal Deferred Action for Childhood Arrivals ("DACA") (Form I-821D) and Application for Employment Authorization (Form I-765) filed in April 2021. ECF No. 7-2 at 2 (Form I-213, Jun. 7, 2026).

On June 6, 2026, Immigrations and Customs Enforcement ("ICE") arrested Petitioner after a vehicle stop near his home in Round Rock, Texas. ECF No. 7-2 at 2. On June 7, 2026, the

Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (noncitizen present without admission or parole). ECF No 7-1 (NTA). Records show that Petitioner requested and received a bond hearing on August 24, 2026, but withdrew the request to allow for more time to gather evidence. ECF No. 7-5. Petitioner is detained at the Central Valley Annex within this judicial district. ECF No. 1 at 1.

Petitioner initiated this action on September 9, 2026. ECF No. 1. In his petition, he alleges that his arrest without pre-deprivation procedures (Count One) and a proper warrant (Count Two) violated the Due Process Clause of the Fifth Amendment.[1] ECF No. 1 at 6. He also alleges that his ongoing detention without bond violates 8 U.S.C. § 1226(a) (Count Three). Id. Petitioner seeks immediate release on conditions of supervision. Id. at 7. Respondent opposes the petition and argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). ECF No. 7 at 1-2. Respondent adds that the Ninth Circuit in Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022), upheld the facial constitutionally of § 1226(a)'s post-deprivation procedures. Id. at 2. Respondent also argues that Petitioner is required to exhaust his administrative remedies with respect to release on bond. Id.

Petitioner later notified the Court that the immigration court rescheduled his bond hearing to September 23, 2026, and that an immigration judge ("IJ") denied bond on grounds that he posted a flight risk. ECF No. 10-1. A review of Court records also shows that at the time Petitioner initiated this action, he had another immigration habeas petition pending in the Western District of Texas, Duran Camacho v. Ortega, et al., No. 1:26-cv-01614-XR, ECF No. 1 (W.D. Tex., Jun. 15, 2026) (Duran Camacho I").[2] On October 26, 2026, Petitioner moved to voluntarily dismiss that action pursuant to Federal Rule of Civil procedure 41(a)(2). Duran Camacho I, ECF No. 7. The Western District of Texas granted Petitioner request and dismissed that action on

---

[1] Petitioner also alleges in Count One that his arrest violated 8 C.F.R. § 241.13(i). ECF No. 1 at 6. That regulation governs post-removal detention and is inapplicable to this action.

[2] The undersigned takes judicial notice of these federal court records. See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

October 29, 2026. Id., ECF No. 8.

## II. Legal Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz, 53 F.4th at 1206-07. Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

## III. Analysis

### A. Liberty Interest

Neither the parties' agreement that Petitioner is detained pursuant to § 1226(a) nor the fact Petitioner received a bond hearing before an IJ after he filed the petition resolve the pending due process claims in this case. Petitioner challenges the lack of a pre-deprivation notice and hearing prior to his arrest and as well as his allegedly warrantless arrest.[3]

[3] Administrative exhaustion should be waived in this case pursuant to Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004), based on the irreparable injury that would result to Petitioner

The undersigned begins with the first step in the procedural due process analysis. The record is significantly underdeveloped as to Petitioner's immigration history. Petitioner, now twenty-three years old, states that he entered the United States with his family when he was three years old. ECF No. 10-1. He does not state the manner of entry (non-immigrant visa, etc.). However, according to his Form I-213, Petitioner told ICE that he entered the country "approximately five years ago and that he entered on foot." ECF No. 7-2 at 2. Moreover, it is also unclear from the record whether his pending DACA and employment authorization applications are renewals or initial applications.

Nevertheless, the undersigned finds that the fact of these pending applications, filed more than five years ago, vest Petitioner with a protected liberty interest. "[Where] the Government ha[s] made a decision not to detain" a noncitizen "in the first place" after the filing of an application for immigration benefits, "this decision vest[s] the same liberty interest as a prior detention and release." Gagik T. v. Chestnut, et al., No. 1:26-cv-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (quoting Kharitonova v. Albarran, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026)); see also id. (finding that this "course of conduct" by the government "reflect(s) a sustained decision to permit Petitioner's liberty"). Accordingly, the undersigned will proceed to the Mathews analysis.

**B. Mathews Factors**

**Private Interest:** The first factor unquestionably tilts in Petitioner's favor because he has a clear interest in remaining free from detention. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). Petitioner asserts, and Respondent does not dispute, that he was at liberty for twenty years before being detained in this case. The five years that have passed since he filed his applications for immigration benefits alone underscore his liberty interest. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (in the past five years, petitioner developed "extensive relations of support and interdependence" that "underscore the high stakes of [his]

---

in the absence of review of the constitutional claims raised in her § 2241 petition.

liberty.”).

**Erroneous Deprivation:** Second, “the risk of erroneous deprivation is considerable given that Petitioner was not afforded a pre-deprivation hearing to determine whether his detention complied with constitutional protections.” Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *5 (E.D. Cal. Apr. 28, 2026). Respondent does not dispute that Petitioner has no criminal record and does not identify any exigent circumstances that warranted his arrest without pre-deprivation notice and hearing.

Petitioner’s receipt of a § 1226(a) bond hearing several months into his detention does not change this analysis. As the assigned District Judge has explained:

> [A] § 1226(a) bond hearing does not replace the process demanded by the Constitution . . . . [T]he bond hearing occurred after Petitioner’s detention, so it failed to remedy the initial constitutional violation. The fact that Petitioner was provided with a post-deprivation . . . bond hearing does not cure the initial constitutional violation of unlawfully revoking Petitioner’s liberty and detaining him without any process for nearly two months.”

Charan S., 2026 WL 1144158, at *6; see also Lopez-Morales v. Warden, No. 1:26-CV-02416 DAD SCR, 2026 WL 2018611, at *4 (E.D. Cal. July 13, 2026) (explaining that a generic bond hearing under § 1226(a) in which the noncitizen bears the burden of proof is not an equivalent due process remedy for an arrest without pre-deprivation hearing), report and recommendation adopted, No. 1:26-CV-02416-DAD-SCR (HC), 2026 WL 2078904 (E.D. Cal. July 17, 2026).

Nor does Rodriguez Diaz foreclose a due process violation in these circumstances. “[T]he Ninth Circuit did not hold in Rodriguez Diaz that noncitizens facing removal under section 1226(a) have no due process right to a pre-detention hearing. It held only that a noncitizen detained under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention.” Pinchi, 792 F. Supp. 3d at 1034 (emphasis in original); see also Gagik T., 2026 WL 1837413, at *3 (Rodriguez Diaz “did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process.”).

For these reasons, the undersigned finds that the probative value of additional procedural safeguards, including notice and a constitutionally compliant due process hearing to determine

whether Petitioners civil detention is justified, is high. Thus, the second factor firmly favors Petitioner.

**Government Interest:** The undersigned recognizes the Government has an interest in detaining individuals an IJ has found to be a flight risk. Charan S., 2026 WL 1144158, at *7. However, "the Government has provided no reason to believe that Petitioner was even suspected of being a flight risk at the time they arrested him," and "Petitioner does not have a final order of removal and his appearance at future immigration proceedings could be reasonably ensured by bond or enrollment in supervision." Id. Moreover, the effort and cost required to provide Petitioner with pre-deprivation procedural safeguards was minimal. See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Accordingly, the last Mathews factor tilts to Petitioner.

For all these reasons, the undersigned finds that Petitioner is entitled to relief under the Mathews factors, and that the appropriate relief in this case is immediate release from immigration detention based on Respondent's failure to provide Petitioner with any pre-deprivation notice or hearing prior to detaining him. Accordingly, Petitioner's § 2241 application should be granted based on the procedural due process claim (Count One).

**CONCLUSION**

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner MAURO ANTONIO DURAN CAMACHO (A# 219-749-517) from custody.

3. Respondent may place Petitioner on standard conditions of supervision.

4. At the time of release, Respondent shall return all of Petitioner's documents and possessions.

5. The Clerk is directed to serve the Central Valley Annex with a copy of any release order.

6. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide him with a hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk

or danger to the community such that his re-detention is warranted.

7. Any final order in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

8. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE